## Fleszar Estate

*Bloom, Bloom & Yard,* for proponent.

*George B. Stegenga,* for caveator.

ANDERSON, P. J., September 19, 1957.—This issue is before us by certification from the register of wills.

The evidence discloses that subsequent to the death of Walenty Fleszar, a resident of this county, one Victoria Lukey filed a caveat against the probate of a formally prepared will of decedent, alleging as grounds for such action that the will later offered for probate was not the will of decedent because he was mentally incompetent at the date of its execution, and his execu-

tion of it had been obtained by undue influence exercised on him by proponents of such will.

The caveator filed such caveat as executrix of an alleged earlier executed will of decedent.

At the opening of hearing, counsel for the later will moved to quash the caveat for the reason that the caveator was not "a person in interest" authorized to file such proceedings. In connection with such motion to quash, counsel for caveator moved to amend his petition by designating said Victoria Lukey as trustee under the earlier will and as such a "person in interest."

The purported earlier will of decedent was produced. It was in the Polish language and by stipulated correct interpretation, read in English as follows:

"Walenty Flisiar
"November 26, 1956.

"As I am sick, Walenty Flisiar, I am signing my money at my death.

"I have Bonds and also those Bonds that I have where I boarded, they are to give them up and all the papers that they have at home, because they are not worth anything to them.

"I, Mike Stotka am a witness to his signature on Victoria Luki, she will divide or distribute among the brothers and sisters, from the estate of Walenty Flisiar, as he is signing in front of the witnesses, Mike Stotka, Victoria Lukey, Merle Mansell.

"Mary K. Mansell
Walenty Fleszor

"As his guardian, I am writing again to let the lodge stay as it is, and divide it between us, as he is signing again on Mike Stotka.

"Walenty Fleszor
Mike Stotka"

Court, reserving his decision on such motions, directed counsel to proceed with preliminary proof of will offered for probate.

After such proof had been offered, testimony with reference to execution of paper above quoted was taken. At the conclusion of such testimony, court continued the hearing to a time to be agreed upon, if taking of further testimony was indicated after the court had disposed of such motions. Counsel was requested to file briefs with the court on the question of legal right of caveator, either as executrix or trustee, to file caveat. A brief was filed in behalf of the proponents of the formal will; none was filed by caveator.

No cases covering the exact factual situation here have been cited to the court.

It would seem logical that one who is held not a "person in interest" where appeal from probate of a will is involved, would certainly not be a "person in interest" where right to file a caveat is involved. The Register of Wills Act of June 28, 1951, P. L. 638, as amended, contains this provision:

"Sec. 208—Appeals. (a) When Allowed.

"Any party in interest who is aggrieved by a decree of the register, or a fiduciary whose estate or trust is so aggrieved, may appeal therefrom to the court within two years of the decree: Provided, That the executor designated in an instrument shall not by virtue of such designation be deemed a party in interest who may appeal from a decree refusing probate of it. The court, upon petition of a party in interest, may limit the time for appeal to six months."

On its face, the above provision declaring that an executor named in an instrument may not appeal from a decree refusing probate of will in which such person is named as fiduciary does not deny, to one who is so named in another instrument from one offered for probate, right to file a caveat.

However, it would seem elementary that in any situation the caveator would have to possess or represent officially some interest in the issue that would be impaired or otherwise adversely affected by the probate of the proposed will.

The writing recited in full herein, and upon which the caveator relies for her authority to file the caveat, is, on its face, a confusing and ambiguous writing.

It does not contain any dispositive words save possibly the words "I am signing my money at my death," and certainly does not designate Victoria Lukey (spelled Luki in such writing) specifically as his chosen executrix, or as an intended beneficiary of his estate. It can well be conceived that what decedent had in mind was to execute a writing which would direct that his entire estate, other than bonds and lodge insurance, be given to his brothers and sisters, and that Victoria Lukey be his executrix, but, unfortunately, if that was his intention, his scrivener did not know how to express that intention in writing. Courts may properly read into a writing a word apparently inadvertently omitted, but they may not permit an unintelligent writing to be so reformed as to express what either by virtue of scrivener's oral statement, or by conjecture, appears to have been decedent's intention.

Also, while not in any way intending to so hold, it is questionable whether such writing could be, in any event, ever properly admitted to probate as the will of decedent, by reason of its not having been executed in conformity with the requirements of the Wills Act.

The record failing to disclose any legal interest in caveator to object to the probating of the properly executed will of decedent offered for probate, the motion of counsel for proponent to quash or dismiss caveat must be sustained.

And now, September 19, 1957, in harmony with the foregoing discussion it is ordered and decreed that

the motion of proponent to quash or dismiss caveat be and it is hereby granted, and caveat is dismissed, and the register of wills is authorized and directed to admit to probate proponent's exhibit no. 2, as the last will and testament of decedent. Costs incident to the certification to this court to be paid by caveator.

And now, September 19, 1957, exception to the above order of court is noted in behalf of the caveator.